UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN MOORE, )<br>a/k/a "Hippie", )<br>)<br>Defendant. ) | 1:12-cr-133-SEB-TAB-14 |

**PLEA AGREEMENT**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Barry D. Glickman, Assistant United States Attorney, and the defendant, Brian Moore (Moore), in person and by counsel, Ross G. Thomas, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C) and the following are its terms and conditions:

1. Moore will enter a plea of guilty to count one of the indictment.

2. Count one of the indictment alleges that Moore conspired to possess with the intent to distribute and/or distribute 50 grams or more of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846, a felony offense which ordinarily may be punished by a term of imprisonment of not less than ten years and not more life, a fine of up to $10,000,000.00 and a term of supervised release of not less than five years following any term of imprisonment.

However, because on October 16, 2012, the United States filed an information pursuant to 21 U.S.C. §851 alleging one of Moore's prior felony drug convictions, this results in the penalties for count one being a term of imprisonment of not less than twenty years and not more than life, a fine of up to $20,000,000.00 and a term of supervised release of not less than ten (10) years following any term of imprisonment. The elements of the offense of conspiracy to possess with the intent to distribute and/or distribute 50 grams or more of methamphetamine are that the alleged conspiracy to possess with the intent to distribute and/or distribute existed; that the conspiracy involved 50 grams or more of methamphetamine; and that Moore knowingly and intentionally became a member of that conspiracy.

## GENERAL PROVISIONS

3. Moore acknowledges that this plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C) and that the parties are recommending that should the Court accept this plea agreement, he will be sentenced to a term of imprisonment of 240 months. The parties agree that the amount of the fine and the term of supervised release will be left to the discretion of the Court.

4. Moore further acknowledges that this plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C), and that pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects the plea agreement, the Court will advise the defendant personally in open court that the Court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea that the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

## SPECIFIC PROVISIONS

5. Moore will pay a total of $100.00 on the date of sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

6. Moore will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines or restitution imposed by the Court.

7. The parties further acknowledge and agree that in the event a guidelines calculated sentence falls below a statutory mandatory minimum term of imprisonment, the statutory minimum term of imprisonment becomes the guideline sentence, pursuant to USSG § 2D2.1 commentary and USSG § 5G1.1(b).

8. In exchange for Moore's plea of guilty, the United States agrees to refrain from filing a second information pursuant to Title 21, United States Code, Section 851, alleging that Moore has a second prior drug felony conviction. Moore acknowledges that if the second information was filed, the penalties for the charge in Count one of the indictment would become a mandatory term of life imprisonment.

9. Moore understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, Moore agrees that he expressly waives his right to appeal the conviction and any sentence imposed in this case on any and all grounds, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, Moore also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding,

including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

## FINAL PROVISION

Moore acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce Moore to plead guilty. This document is the complete and only plea agreement between Moore and the United States Attorney for the Southern District of Indiana and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
UNITED STATES ATTORNEY

7/7/14
Date

Barry D. Glickman
Assistant United States Attorney

7-2-14
Date

Brian Moore
Defendant

7-2-14
Date

Ross G. Thomas
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then USSG § 3C1.1 allows the Court to impose a two (2)-level increase in the offense level.

| | |
|---|---|
| 7-2-14 | _Brian Moore_ |
| Date | Brian Moore, Defendant |