UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-133-SEB-TAB-14 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRIAN MOORE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:12-cr-00133-SEB-TAB |
| BRIAN MOORE, | ) ) | -14 |
| Defendant. | ) ) | |

**ORDER**

Defendant Brian Moore requests a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Moore's motion is **denied**.

**I. Background**

In 2014, Mr. Moore pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 1323. The Court imposed a sentence of 240 months of imprisonment and 10 years of supervised release. Dkt. *Id*. In the course of the prosecution, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. Moore had previously been convicted of a felony drug offense. Dkt. 457. As a result, under the law as it existed at the time, the mandatory minimum sentence he faced was 240 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010, to Dec. 20, 2018). Subsequent, but non-retroactive, changes to § 841 have arguably changed the mandatory minimum sentence that Mr. Moore would face if sentenced today. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Dec. 21, 2018).

The Court appointed counsel to represent Mr. Moore, and counsel filed a motion for sentence reduction on his behalf. Dkt. 2019. Mr. Moore argues that extraordinary and compelling

reasons warrant relief in his case because: (1) he wrongly received an enhanced sentence based on a conviction that did not qualify as a "felony drug offense," and without the enhancement he likely would have been released by now; and (2) his 240-month sentence was extraordinary when imposed and, if he were sentenced today, he would not receive an enhancement for a prior serious drug felony, would not face a mandatory minimum sentence of 240 months, and would likely receive a sentence of only 121–151 months. Dkt. 2019.  That is, he contends that the disparity between the 240-month sentence he actually received and the 121–151 month sentence he might have received if he were sentenced correctly or were sentenced under today's law is an extraordinary and compelling reason to reduce his sentence. *Id.* The United States file a response in opposition to Mr. Moore's motions. Dkt. 2021. Mr. Moore filed a reply. Dkt. 2022.

After Mr. Moore's motion was ripe, the Court ordered him to show cause why his motion should not be denied because it was foreclosed by the rationale of the Seventh Circuit's opinion in *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). Dkt. 2025. He filed a response. Dkt. 2030. Thus, his motion for sentence reduction is ripe for review.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

3

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Moore has not shown an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i). To the extent that he contends that he was sentenced incorrectly, an alleged sentencing error is not an extraordinary and compelling reason for relief. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("A claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release."). Likewise, the disparity between the sentence he received—which was the mandatory minimum sentence at the time—and the sentence he believes he might receive if sentenced today is not an extraordinary and compelling reason warranting relief, whether standing alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that the non-retroactive change to the mandatory minimum sentence under 18 U.S.C. § 924 cannot be an extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i); stating that rationales suggesting that "the prescribed sentence is too long . . . cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law"); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

Given the determination that Mr. Moore has not shown extraordinary and compelling reasons to justify a sentence reduction, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction.

## III. Conclusion

For the reasons stated above, Mr. Moore's motion for sentence reduction, dkt. [2019], is **denied**.

**IT IS SO ORDERED.**

Date: 6/3/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel